## Case No. 6,004.

HAMMOND et al. v. MASON & HAMLIN ORGAN CO.

[6 Fish. Pat. Cas. 599; Holmes, 296; 5 O. G. 31.] [1]

Circuit Court, D. Massachusetts. Dec. 2, 1873. [2]

PATENTS—SALE OF INVENTION NOT PATENTED—EFFECT OF.

Where a patentee applied for a patent on a new combination of parts, which parts had before been patented by him, and, at the time of such application, granted the defendants the exclusive right to make, use, and vend under the patent for the parts as such; also, by another contract, the right to make, use, and sell the parts in the particular combination described in said application, without limitation of time; and a patent for the combination not having been granted, the assignees of the extended term of the patent for the parts bring suit against defendants for the use of these parts in said combination: Held, that defendants' contract with the inventor at the time of his application, for a patent on the combination, secured them the right to make, use, and sell this specific combination, without reference to their license under the patent for the parts; that as they use only this specific combination, they are not liable to complainants, and it is unnecessary for the court to discuss the effect of the licenses under the original term upon the extended term. Defendants' right under the contract was independent of the existence or duration of their licenses.

[See note at end of case.]

[Bill in equity for an injunction to restrain alleged infringement of reissued letters patent [No. 4,486], for an improvement in melodeons or reed instruments, granted El Dora Louis, as administratrix of La Fayette Louis, July 25, 1871; and for an account. The original patent was granted to Louis Nov. 18, 1856 [No. 16,094], and extended for an additional term of seven years. The defendant pleaded in bar a license from Louis, the patentee, by virtue of certain agreements between it and Louis, the material parts of which are stated in the opinion.] [1]

[This suit was by Andrew H. Hammond and others against the Mason & Hamlin Organ Company.]

B. E. Valentine, for complainants.
Frederic H. Betts, for defendant.

SHEPLEY, Circuit Judge. This is a bill in equity by the complainants, as assignees and owners of the letters patent reissued to El Dora Louis, as administratrix of Lafayette Louis, on July 25, 1871, for an improvement in melodeons or reed instruments, consisting of the application of mechanism to produce a "tremolo" in the musical note on said instruments. The original patent to Lafayette Louis was issued November 18, 1856.

Defendants, by their plea, admit that they manufacture and sell, in connection with their own organs, tremolo attachments, made

[1] [Reported by Samuel S. Fisher, Esq., and by Jabez S. Holmes, Esq., and here compiled and reprinted by permission. The statement is from Holmes, 296, and the syllabus and opinion are from 6 Fish. Pat. Cas. 599.]

[2] [Affirmed in 92 U. S. 724.]

precisely in accordance with the specification, drawing, and model of an application for letters patent, dated September 25, 1868, made by Lafayette Louis, the assignor of the complainants. The plea admits, for the purposes of this hearing, that this mechanism embodies the invention described in the patent of said Louis, on which this bill in equity is brought. The plea sets up a justification in using these mechanisms under a license under the original patent granted by Louis to Mason & Hamlin, the assignors of these defendants, and also under a series of contracts between Louis and the defendants themselves, relating to the specific device used by them.

It is not necessary to consider the questions discussed at the bar in relation to the license set up in the plea under the original patent, as we are satisfied that the defendants are protected under their agreements with Louis, dated September 25, 1868.

It appears that Louis, prior to September 25, 1868, made an invention of a combination of the fan-tremolo with a rotary wind-wheel, and applied for a patent for this combination. On the same day he entered into three contracts with these defendants. The first was an absolute conveyance to the defendants of all his "right, title, and interest in and to said invention and letters patent which may issue therefor," and authorized the commissioner of patents to issue said patent to the Mason & Hamlin Organ Company, as the assignees of all his right, title, and interest in and to said invention and letters patent. The second agreement grants to the defendants the right to make, use, and sell the invention above named, and assigned to them, as above stated, in connection with so much of the inventions secured by the letters patent of November 16, 1856 (on which this suit is brought), and by a patent of June 10, 1862, "as is contained in the said mechanism." The defendants agree to pay a royalty for each and every tremolo mechanism, substantially the same as that described and shown in the said application and accompanying specifications, drawing, and model, until the expiration of the term for which the said letters patent shall be granted, referring to the letters patent for which application was on that day made. This contract provided for one contingency—that was the granting of letters patent on the application then made. The invention and the right to use the specific mechanism had been conveyed to the defendants. If, by the granting of letters patent to them, as assignees of Louis, they should obtain the exclusive right to use the invention, then, in such case, they were to pay Louis a royalty of one dollar for each tremolo manufactured by them during the term of the patent. The contingency contemplated did not happen. Letters patent were not granted for the combination applied for. The third agreement provided for another contingency, namely, the failure of the

defendants to obtain a patent for the invention of 1868, which is the case as it now exists. This agreement provided "that, whereas, the said Louis has invented an improvement in keyed reed musical instruments, and has this day executed his application for the grant of letters patent of the United States to secure the same, and has also made and executed an assignment thereof to the said Mason & Hamlin Organ Company, and a license to make, use, and sell the mechanism described in the specifications, drawings, and model accompanying the said application, under letters patent originally issued as No. 16,094, and dated November 18, 1856, and subsequently reissued as No. 2,498, dated February 26, 1867, and again reissued as No. 2,944, dated May 26, 1868, and also under letters patent numbered 35,528, and dated June 10, 1862; now, therefore, in consideration of one dollar to him paid, and for other good and valuable consideration, the said Louis hereby covenants and agrees with the said company that, if the said company fail to procure said letters patent, for which application has been executed as aforesaid, then he, the said Louis, will, and does hereby grant unto the said Mason & Hamlin Organ Company the exclusive right, under the said letters patent, already granted, and under any and all reissues thereof, to make, use, and sell the specific mechanism described and set forth in the said executed application, and the specification, drawings, and model accompanying the same."

Taking into consideration the three contracts, it is plain that Louis had invented a new combination of the old parts patented by him. He applied for letters patent for this new combination. He conveyed to defendants for a valuable consideration, and unconditionally, the invention, and the right to make, use, and sell the specific mechanism described in the application, including the old parts, as well as the new combination. If the defendants succeeded in obtaining a patent for the new combination, they were to pay a royalty in addition to the consideration they had already paid for the invention. But if no letters patent could be obtained, the defendants were none the less the owners of the right to make, use, and sell the "invention," and "the mechanism it contains," and "the specific mechanism" described in the application. Independent of the granting, reissuing, or extension of any letters patent, without limitation of time, they had purchased and taken a conveyance of the right to make, use, and sell those specific devices, in that specific combination. This is what they do use, and this only, and this they have a right to use. Their right is not limited to the term of the original patents, embracing the parts of the combination. It is true that the third contract, in case of failure to obtain a patent for the new combination, grants to the defendants the exclusive right, under the patents already granted for the parts, to make, use, and sell the specific mechanism described in the application for letters patent for the new combination. But they had the right to use this specific mechanism. The license under the old patents was only intended to make this right exclusive. Their exclusive right under them might end with the expiration of the term of the old patents, but their right was independent of their existence, or duration.

Bill dismissed.

[NOTE. Upon appeal to the supreme court by the complainants the decree of the circuit court was affirmed in an opinion by Mr. Justice Miller (92 U. S. 724) in which it was held that it was not necessary to decide whether in any case a sale of an invention which is never patented carries with it anything of value, it being evident that the rights growing out of an invention may be sold; and, further, that this sale, with the right to use it in connection with the existing patent and its reissues or renewals, protected defendants from liability as infringers.

[For another case involving this patent, see Hammond v. Hunt, Case No. 6,003.]

---

HAMMOND (SAXE v.). See Case No. 12,411.

HAMMOND (SMITH v.). See Case No. 13,-053.

HAMMOND (THORP v.). See Case No. 14,-004.

HAMMOND (UNITED STATES v.). See Cases Nos. 15,292–15,294.